UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF TELEGRAPH MEDIA
GROUP LIMITED FOR AN ORDER SEEKING
DISCOVERY PURSUAN TO 28 U.S.C. § 1782

23-MC-215 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Telegraph Media Group Limited ("Applicant") brings this application pursuant to 28 U.S.C. § 1782 for an order authorizing discovery from Michael Zweig ("Respondent") by means of a subpoena served pursuant to Rule 45 of the Federal Rules of Civil Procedure. Having considered Applicant's submissions, the Court concludes – without prejudice to the timely filing of a motion to quash the subpoena and, in the event such a motion is filed, subject to reconsideration – that Section 1782's statutory requirements are met and that the *Intel* factors favor granting the application. *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

Accordingly, the application is GRANTED. Applicant's U.S. counsel, DAVIS WRIGHT TREMAINE LLP, is authorized to issue and serve a subpoena in a substantially similar form as the one attached as Exhibit 1 to the Declaration of Katherine M. Bolger, Dkt No. 5, on Respondent, together with a copy of this Order, no later than **seven days** from the date of this Order. No later than **the same date**, and *before* serving the subpoenas on Respondent, Applicant shall provide actual notice and courtesy copies of the subpoena, application and supporting documents to the party or parties against whom the requested discovery is likely to be used through any such party's counsel, or if the identity of such party's counsel is unknown, on that party directly. *See In re Application of Sarrio, S.A.*, 119 F.3d 143, 148 (2d Cir. 1997) ("[T]he ultimate targets of a § 1782 discovery order issued to third parties have standing to challenge the

district court's power to issue a subpoena under the terms of an authorizing statute." (internal quotation marks omitted)). Applicant shall promptly file proof of such service on ECF.

Respondent is furthered ordered to preserve all relevant and potentially relevant evidence in Respondent's possession, custody or control until further order of the Court. Additionally, nothing in this Order shall be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve subpoenas on any additional persons or entities.

It is further ordered that the foregoing is without prejudice to the rights of the Respondent to file a motion to vacate or quash. Such motions must be filed by no later than **July 27, 2023**; Applicant's response to any such motion is due by no later than **August 3, 2023**; and replies are due by no later than **August 10, 2023**.

Any further proceedings (including any discovery taken pursuant to this Order) shall be governed by the Federal Rules of Civil Procedure, the Court's Local Rules (https://www.nysd.uscourts.gov/rules) and the Court's Individual Rules and Practices in Civil Cases (https://www.nysd.uscourts.gov/hon-jessica-g-l-clarke). If the parties believe that a protective order is appropriate or necessary, they shall file a joint proposed protective order on ECF, mindful that the Court will strike or modify any provision that purports to authorize the parties to file documents under seal without Court approval. *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In the event of any dispute concerning the subpoena or any proposed protective order, the parties shall meet and confer before raising the dispute with the Court.

The Clerk of Court is directed to terminate Docket No. 1 and to close the case.

Dated: July 6, 2023
      New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge