UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------------------x

In re Application of TELEGRAPH MEDIA GROUP  :
LIMITED for an Order Pursuant to 28 U.S.C. § 1782  :     Case No. 23-mc-215 (JGLC)
to Conduct Discovery for Use in a Foreign  :
Proceeding  :
          :
          :
          :
          :
          x

---------------------------------------------------------------------------

# PROTECTIVE ORDER

**WHEREAS**, on or about July 10, 2023, Telegraph Media Group Limited (the "Telegraph") served a subpoena to produce documents, information or objects or to permit inspection of premises in a civil action (the "Subpoena") on Michael P. Zweig ("Zweig") (the Telegraph, Zweig, and Zia Chishti are together hereafter referred to as "the parties" and each a "party"); and

**WHEREAS,** the Telegraph's stated need for the documents sought from Zweig is in its defense in the matter *Muhammad Ziaullah Khan Chishti v. Telegraph Media Group Ltd.*, Claim No. KB-2022-004316 (the "English Defamation Action"); and

**WHEREAS,** ~~the parties having agreed to the following terms of confidentiality, and~~ the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents produced by Zweig in response to the Telegraph's subpoena:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the English Defamation Action.

3. Confidential Information will not be used as the source for, or published in, any story published by the Telegraph or any affiliated publication.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution solely in the Southern District of New York. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in response to the subpoena is relevant or admissible in the English Defamation Action. Each

party reserves the right to object to the use or admissibility of the Confidential Information in the English Defamation Action.

5. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

  a. The requesting party and counsel, including in-house counsel;

  b. Employees of such party or counsel assigned to and necessary to assist in the English Defamation Action;

  c. The opposing party in the English defamation action (including their counsel and any employees of such party or counsel assigned to and necessary to assist in the English Defamation Action);

  d. The court in the English Defamation Action (including any person having access to any Confidential Information by virtue of his or her position with the court in the English Defamation Action) as part of the conduct and proceedings both at and prior to trial;

  e. Consultants or experts assisting in the prosecution or defense of the English Defamation Action, to the extent deemed necessary by counsel;

  f. An officer before whom a deposition is taken, including stenographic reporters, any necessary secretarial, clerical, or other personnel of such officer;

  g. During their depositions or interviews for the purpose of creating witness statements, witnesses in the action to whom disclosure is reasonably necessary;

  h. The author or recipient of a document containing the information or a custodian or other person who possessed or knew the information; or

  i. Mediators or settlement officers and their supporting personnel.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

  a. Inform the person of the confidential nature of the information or documents;

  b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the English Defamation Action and has enjoined the disclosure of the information or documents to any other person; and

  c. In the case of those persons specified in paragraph 5(e)-(i), require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) produced in response to the Subpoena shall be maintained by the receiving parties in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in the English Defamation Action or in any other foreign, federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Should any party wish to file materials produced in response to the Subpoena and designated as "Confidential" in the English Defamation Action, that party shall endeavor to file those materials confidentially (*i.e.* not on the public docket), to the maximum extent permitted under the applicable substantive and procedural rules of the English Defamation Action.

11. Any notes, lists, memoranda, indices, compilations prepared or based on an examination of the discovery, or any other form of information (including electronic form) that quote from, paraphrase, copy or disclose the discovery or information therefrom shall be accorded the same status of confidentiality as the underlying material from which they were made and shall be subject to all terms of this Protective Order.

12. This Protective Order shall survive the termination of this litigation. At the conclusion of the English Defamation Action, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

3

14. All persons subject to this Protective Order are advised that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

15. The restrictions imposed by this Protective Order may be modified or terminated only by further order of this Court.

Dated: New York, New York

    September 6, 2023

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

## **Exhibit A**

## **Agreement**

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the English Defamation Action.

DATED:

_____
Signed in the presence of:

_____
(Attorney)